Filed 6/2/22  P. v. Urrutia CA4/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CARLOS RODRIGUEZ URRUTIA,<br><br>    Defendant and Appellant. | G058118<br><br>(Super. Ct. No. 02NF0517)<br><br>O P I N I O N |

        Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

        Matthew A. Siroka, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland and Julie L. Garland, Senior Assistant Attorneys General, Alan L. Amann, Daniel Rogers, and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

Carlos Rodriguez Urrutia appeals from the trial court's postjudgment order denying his petition for resentencing on his conviction for attempted murder (Pen. Code, § 1170.95, all further statutory references are to the Penal Code). Urrutia argues the recently enacted Senate Bill No. 775 (SB 775) requires we reverse the court's postjudgment order denying his petition and remand the matter. We disagree and affirm the postjudgment order.

FACTS

A detailed recitation of the facts can be found in our prior nonpublished opinion *People v. Catalan et al.* (June 15, 2006, G034279) (*Catalan*). A brief telling will suffice.

Michael Ornelas, a self-admitted member of the "Westside La Habra" (Westside) criminal street gang, and his friend were walking on a street in Westside territory when Urrutia drove his van slowly by them and stopped. (*Catalan, supra,* G034279.) Two men inside the van stared at Ornelas and his friend. Ornelas told his friend to walk ahead of him, and Ornelas stopped to tie his shoe. Urrutia drove down the street. Urrutia's cousin testified Urrutia drove a short distance to Catalan's house and picked him up. After Catalan entered the van, A.M. knew Ornelas from high school and said the two men were Westside members. Catalan showed them a handgun. Urrutia turned the van around, drove towards the men, and stopped the van near them. Ornelas told his friend to "watch out" because the two men from the van were coming towards him. As his friend ran ahead, he heard one of the men issue a gang challenge. Catalan shot at Ornelas several times. (*Ibid.*)

Sometime after the incident, officers interviewed Catalan, a self-admitted member of the "Lennox 13" (Lennox) criminal street gang. (*Catalan, supra,* G034279.) Catalan stated that when Ornelas put his hand in his pocket, he shot Ornelas three times. Officers also interviewed Urrutia, a self-admitted Lennox member. Urrutia claimed

2

Westside gang members had previously stabbed his family's dog and thrown bottles at his car while he was driving. (*Ibid.*)

The trial court instructed the jury on aiding and abetting and the natural and probable consequence doctrine. (*Catalan, supra,* G034279.) A jury convicted Urrutia, and Catalan, of willful, deliberate, and premeditated attempted murder and street terrorism. The trial court sentenced Urrutia to 15 years to life in prison. We affirmed Urrutia's convictions with modifications to his credits. (*Ibid.*)

In 2019, pursuant to the Legislature's amendments to the Penal Code in Senate Bill No. 1437 (SB 1437), Urrutia filed a petition seeking to vacate his attempted murder conviction pursuant to section 1170.95. The trial court denied the petition, ruling the following: "The petition does not set forth a prima [facie] case for relief under the statute. A review of court records indicates defendant is not eligible for relief under the statute because the defendant does not stand convicted of murder or defendant's murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors."

This court affirmed the denial of Urrutia's petition because at the time attempted murder was not an eligible offense for relief under section 1170.95. (*People v. Urrutia* (Nov. 13, 2020, G058118) [nonpub. opn.].) After our Supreme Court granted review and held the matter,[1] it transferred the case back to this court to vacate our prior decision and determine whether Urrutia is entitled to relief pursuant to SB 775.

DISCUSSION

SB 1437 amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder, and to limit the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).) Under sections 188 and 189, as amended, murder liability can no longer be imposed on a

---

[1] *People v. Urrutia* (Nov. 13, 2020, G058118) [nonpub. opn.], review granted January 20, 2021, S266082.

3

person who was not the actual killer, who did not act with the intent to kill, or who was not a major participant in the underlying felony who acted with reckless indifference to human life. (*Lewis, supra,* 11 Cal.5th at p. 959.) SB 1437 also added section 1170.95 which, as originally enacted, set forth a procedure whereby a "person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief. (§ 1170.95, subd. (a).)

SB 775, effective January 1, 2022, amended section 1170.95, subdivision (a), to expand the individuals entitled to petition for resentencing. (Stats. 2021, ch. 551, § 1, subd. (a).) Subdivision (a) now expressly permits individuals convicted of attempted murder or manslaughter under a natural and probable consequences theory to file a petition for resentencing relief.

A section 1170.95 petition is required to include: "(A) A declaration by the petitioner that the petitioner is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [And] [¶] (C) [w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).) "[U]pon the filing of a facially sufficient petition," the statute "requir[es] that counsel be appointed. [Citation.]" (*Lewis, supra,* 11 Cal.5th at p. 970.) "[T]hen the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief. (§ 1170.95, subd. (c).)" (*Lewis, supra,* 11 Cal.5th at p. 960.)

Although the trial court may not engage in judicial factfinding or make credibility decisions prior to issuing an order to show cause, under *Lewis, supra,* 11 Cal.5th at page 971, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." The *Lewis* court also held a trial court's failure to appoint counsel to represent a petitioner when assessing whether he or she has made a prima facie showing of entitlement to relief pursuant to

4

section 1170.95, subdivision (c), is state law error only, reviewable for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis, supra,* 11 Cal.5th at pp. 957, 973-974.) Specifically, "a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Id*. at p. 974.)

We conclude the trial court's error in failing to appoint counsel and provide an opportunity for briefing before considering the record of conviction and summarily denying the petition is harmless. As we explain in *Catalan, supra,* G034279, the evidence established Urrutia had a motive for retaliating against Westside gang members, of which Ornelas was one, because a Westside gang members stabbed his family's dog and threw bottles at his car. The evidence demonstrated Urrutia, his cousin, and A.M. drove past two men walking down the street, and instead of driving to his intended destination, Urrutia went to pick up Catalan. Rolando testified that when Catalan got into the van, he showed them a gun. A.M. told them the men walking down the street were Westside gang members. Urrutia turned the van around, and drove the shooter, Catalan, back and positioned him near the target. Catalan got out of the van while Urrutia remained in the van with the engine running and the doors open acting as the getaway driver. After Catalan shot Ornelas and returned to the van, Urrutia sped away.

This evidence points to only one conclusion—Urrutia is ineligible for relief under section 1170.95. The evidence overwhelmingly demonstrated Urrutia directly aided and abetted Catalan in committing the offense by facilitating his movement to the intended target with the specific intent for Catalan to shoot at a Westside gang member to retaliate for past wrongs. This evidence not only demonstrates Urrutia possessed the necessary intent, it also establishes he was a major participant in the attempted murder. By driving the armed Catalan back to the Westside gang members, Urrutia acted with reckless indifference to human life.

5

The record of conviction shows Urrutia is legally ineligible for relief. Thus, Urrutia's conviction satisfies the requirements of section 1170.95 as amended. It is not reasonably probable that even with the appointment of counsel and further briefing, Urrutia would have obtained a different result with his section 1170.95 petition. (*Lewis, supra,* 11 Cal.5th at p. 975.)

## DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


SANCHEZ, J.